IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DONNA J. GRAY,

    Plaintiff,

v.  No. 06-2247

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE
WITH PREJUDICE
_____

    The Plaintiff, Donna J. Gray, appealed the denial of her Social Security benefits by the Defendant, Commissioner of Social Security Administration, to this Court on April 27, 2006. On August 31, 2006, this Court referred Gray's appeal to United States Magistrate Judge Tu M. Pham for a report and recommendation. On February 15, 2007, Judge Pham issued his report, recommending that the Plaintiff's appeal be dismissed with prejudice for failure to prosecute. In so doing, the magistrate judge noted that the Plaintiff had failed to respond to an order to show cause entered on January 11, 2007, directing Gray to file her required brief within eleven (11) days of the entry of the order. See (Order to Show Cause, Jan. 11, 2007, at 1). Judge Pham warned the Plaintiff that failure to comply with his directive could result in her case being dismissed. Thereafter, the magistrate judge issued another show cause order directing Gray to respond by February 9, 2007. After the Plaintiff's second failure to comply, Judge Pham issued his report and recommendation. According to the Court's docket, no objections to the magistrate judge's report have been filed pursuant to 28 U.S.C. § 636(b)(1)(C).

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id.  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted).  The United States Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962).  District courts are permitted substantial discretion in determining whether dismissal is appropriate.  Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the

party that her failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

The Court has reviewed the magistrate judge's report and recommendation, and the entire record of the proceeding before the magistrate judge. No objections having been filed, the Court ADOPTS the magistrate judge's report and recommendation.

In this case, as outlined above, the Plaintiff has repeatedly failed to respond to Judge Pham's show cause orders. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned by the magistrate judge concerning the ramifications of her failure to comply with the show cause orders. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 19th day of April, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE